UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CECILY CRANE                                          CIVIL ACTION

V.                                                    NO. 17-4115

PETCO ANIMAL SUPPLIES
STORES, INC., ET AL.                                  SECTION "F"

### ORDER AND REASONS

Before the Court are three motions: (1) Plaintiff's motion to amend the complaint, (2) Plaintiff's motion to remand, and (3) Defendants' motion to dismiss. For the following reasons, the motion to remand is DENIED with prejudice, the motion to amend the complaint is GRANTED, and the motion to dismiss is DENIED without prejudice.

**Background**

This lawsuit arises out of an alleged slip and fall at a Petco Animal Supply Store in New Orleans.

Cecily Crane alleges that on September 18, 2015 "she slipped and fell on water on the floor coming from a leaking Fresh Smart Cooler." As a result, Crane alleges she has suffered mental and physical pain and suffering, including neck pain, thoracic pain, low back pain, left hip pain, headaches, physical and mental anguish, past, present and future medical expenses, and loss of past, present, and future earning capacity.

Crane alleges that the accident was a result of the negligence, reckless disregard, and wanton conduct of Petco in its failure to: maintain order and cleanliness, act with the required degree of care commensurate with the existing conditions, and post warnings of caution of water on the floor or hazardous condition. She further alleges that "[o]ne of the corresponding or proximate causes of this accident [is] by FreshPet, Inc." due to its "failure to maintain it[s] vendor cooler so that leaking water would not flood the floor where customers walk[,] causing a hazardous condition."

Crane filed her petition against Petco and its alleged insurers in state court. In state court, the plaintiff was granted a specific time period to seek leave to amend her petition; the plaintiff failed to do so within the time allotted. The defendants then removed the case to this Court upon belief, after the plaintiff testified at her deposition, that the amount in controversy exceeded $75,000. In response, the plaintiff filed an amended petition in state court, *without* the court's leave, which included a stipulation that her damages were less than $75,000.

After removing the case to this Court, the defendants filed a Rule 12(b)(6) motion to dismiss. The plaintiff then filed a motion to remand and a motion to amend the complaint. The Court first considers the motion to remand.

I. Motion to Remand

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case – that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). The removal dispute here centers on whether the amount in controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Cavallini

v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief. LA. CODE CIV. PROC. ART. 893.

When the plaintiff has, therefore, alleged an intermediate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298.

4

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

*B.*

In support of the plaintiff's contention that the amount in controversy requirement is not met, the plaintiff argues that a sworn stipulation attached to the amended petition, which was unsuccessfully filed in state court, satisfies her burden. In this stipulation the plaintiff, after testifying in her deposition that her damages "might" exceed $75,000 if she needed surgery, then submitted a sworn stipulation stating that her damages were less than $75,000.

In response, the defendants point out, first, that this sworn statement was never successfully admitted into the state court record because the plaintiff failed to seek leave from the court

5

to file the amended petition. See Campbell v. Wright Adams Realty Co., 220 So. 2d 755, 757 (La. Ct. App. 1 Cir. 1969) ("It has been rightly held that an amended petition filed without leave of court when such permission is required, may not be considered. ... [A]n amended petition so filed is totally without effect and is deemed not have been filed at all."). The defendants also submit that at the time of its notice of removal it believed that damages exceeded $75,000 based on what *was* in evidence – the plaintiff's deposition testimony wherein she stated that her damages might exceed $75,000 if she needed surgery and also stated that her loss of wages claim would exceed the $75,000 threshold.[1] Therefore, the defendants urge that because it believed, *at the time of removal*, that the plaintiff's damages exceeded $75,000, then removal is appropriate and the Court should deny the motion to remand. The Court agrees.

This Court, in Bannister v. ACE American Insurance Company, urged that when a stipulation "falls short of affirmatively waiving [the] right to collect damages greater than $75,000," then the stipulation is not sufficient for the plaintiff to carry its burden "when it is facially apparent that her claims exceed $75,000." No. 16-2830, 2016 WL 2347861, at *2, n.2 (E.D. La. May 4, 2016) (citing

---

[1] The defendants submit that in the plaintiff's deposition, she testified that because of her accident she had to turn down a job that paid $50 per hour. Based on the calculation of lost wages from the date of the accident to the time of the defendants' filing, the defendants estimated these damages were over $100,000 solely for that category of damages plaintiff seeks.

6

Gebbia, 233 F.3d at 883). Here, not only is there no stipulation successfully submitted into the record, but the plaintiff also fails to "affirmatively waiv[e] her right to collect damages greater than $75,000."[2] Id. Considering the categories of damages alleged in her state court petition are substantial both in nature and in quantity, in addition to the plaintiff's deposition testimony, the defendants submit that the plaintiff's failed attempted at a post-removal stipulation regarding the amount-in-controversy is nothing more than a calculated attempt to deprive this Court of its original jurisdiction. The Court again agrees.

It is facially apparent from the plaintiff's state court petition and from her deposition testimony that she was seeking monetary damages in excess of $75,000 at the time the case was removed. She alleges that she suffers past, current, and future medical expenses and loss of wages, in addition to all sorts of other damages for pain and suffering. Although generic, they are serious damage allegations that make it facially apparent that her claims exceed $75,000. The defendants also submit that at the time of removal, the plaintiff was not certain whether surgery would be

---

[2] The plaintiff merely states, in her unsuccessfully submitted amended petition: "Plaintiff now stipulates that the value of her case is under $75,000, which will remove this matter from Federal Jurisdiction." This attempt falls short of affirmatively waiving her right to collect damages greater than $75,000. See Bannister v. ACE American Insurance Company, No. 16-2830, 2016 WL 2347861, at *2, n.2 (E.D. La. May 4, 2016) (citing Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)).

7

necessary but believed it was based on her doctor's recommendations; it is of no bearing on the removal issue that the plaintiff ultimately did not need surgery, because the belief *at the time of removal* is what is relevant to the Court's determination. Finally, the plaintiff has not shown "to a legal certainty" that her recovery will fall at $75,000 or below.

Accordingly, because more than $75,000 was in controversy at the time of removal, the Court retains jurisdiction over this case and denies the motion to remand. The Court is compelled to observe a comic irony. Obviously, if, as she urges, her case is worth less than $75,000, she'll take less if offered. And so the plaintiff apparently wants less, but the defendant hopes to pay more! Counsel should be alert to 28 U.S.C. § 1927.

II. Motion to Amend Complaint

*A.*

Federal Rules of Civil Procedure Rule 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be feely given when justice so requires." FED. R. CIV. P. 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be

8

denied absent a substantial reason to do so. See Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. Id.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. Mayeaux v. La. Health Serv. And Indemn. Co., 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).

*B.*

*i. Undue Delay, Bad Faith, Dilatory Motive of Movant*

The first factor the Court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether

the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Fifth Circuit has instructed that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." Carson v. Polley, 698 F.2d 562, 584 (5th Cir. 1982) (finding that a delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's scheduling order does not alone make a claim timely. See Mayeaux, 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the nonmovant. See id. at 426-27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original). The Fifth Circuit has held that when leave to amend would cause severe prejudice to defendants, it should be denied. Id. at 427; Smith v. EMC Corp., 393 F.3d 590, 595-97 (5th Cir. 2004).

At the time of the plaintiff's filing of the present motion, no deadlines have been set. This Court has held that when no

deadlines have been set, undue delay or bad faith is unlikely. LaRocca v. LaRocca, No. 13-4748, 2013 WL 6440334, at *3 (E.D. La. No. 13-4748). There is a factual distinction between the issue currently before the Court and that in LaRocca -- here, the plaintiff had a specific timeline within which to amend its petition in state court; the plaintiff blatantly failed to heed the parties' agreed upon deadline and the court-imposed deadline. It was not until the defendants filed the notice of removal in this Court that the plaintiff tried, albeit unsuccessfully, to file her amended petition in state court. Even with that factual difference, however, there can be no prejudice or undue delay because no substantive proceedings have occurred in either state or federal court. The Court does warn that such incompetent behavior on behalf of plaintiff's counsel runs the risk of equating with bad faith. Given the stage of proceedings, the Court still finds that this factor weighs in favor of permitting leave to amend. See id.

*ii. Repeated Failure to Cure Deficiencies by Amendments Previously Allowed*

The second factor the Court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments before filing the instant motion.

This Circuit has found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. See e.g., Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of Rule 15(a) motion where plaintiffs had three prior opportunities to amend the complaint).

Though this is the plaintiff's first motion to amend the complaint in this Court, as discussed, the plaintiff failed to heed many opportunities over a months-long period of time in state court. When the plaintiff did in fact attempt to amend her petition in state court, she failed to seek leave of the court, as the state court required. While there was only one failure to amend, the plaintiff has "repeatedly failed" to amend her complaint within time frames established jointly by the parties and established by the state court. Therefore, this factor weighs in favor of denying the proposed amendments. See LaRocca, 2013 WL 6440334, at *3.

*iii. Undue Prejudice to the Opposing Party by Virtue of Allowance of the Amendment*

The third factor the Court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue prejudice to the opposing party.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." Hebert v. Specialized Envtl. Res., LLC, No. 12-0071, 2013

WL 1288219, at *4 (E.D. La. Mar. 27, 2013); In Re Am. Int'l Refinery, Inc., 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in a bankruptcy proceeding would have "fundamentally altered" the nature of a case which has previously been limited to the determination of whether one party possessed a conflict of interest warranting disgorgement of money paid); Mayeaux, 376 F.3d at 427-28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew").

This Court has held that where a plaintiff is not asserting new or additional claims from those stated in the original complaint, undue prejudice to the defendants is unlikely. See LaRocca, 2013 WL 6440334, at *4. Here, the plaintiff is attempting to reassert the same theory of liability but under the statute covering the claims alleged. Therefore, no new or additional claims are asserted, just an attempt to clarify those already alleged. Accordingly, the Court finds that this factor weighs in favor of granting leave to amend the complaint.

*iv. Futility of the Amendment*

The fourth factor the Court considers when determining whether or not to grant leave to amend pursuant Rule 15(a) is whether the amendment is futile. The defendants contend that amendment is futile because the plaintiff offers nothing more than a conclusory recitation of the statutory elements to state a claim

13

under the applicable statute. Because of the defendants' motion to dismiss, the Court is reluctant to weigh in on the "futility" of the proposed amendment. The Court accepts that the plaintiff attempts to now bring a claim allowed under statutory law against a merchant. As such, without commenting on the merits of the plaintiff's amendment, the Court finds that this factor weighs in favor of amendment because the plaintiff seeks to allege an appropriate claim under state law.

In sum, the majority of the factors considered weigh in favor of granting the plaintiff leave to amend the complaint.[3]

### III. Defendant's Motion to Dismiss

Because the Court is allowing plaintiff leave to amend her complaint, the Court will refrain from addressing the defendants' pending motion to dismiss, to allow for the defendants to address the new complaint against them.

### IV.

Accordingly, IT IS ORDERED that the plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to amend the complaint is GRANTED. IT IS FURTHER ORDERED that the plaintiff

---

[3] In allowing this amendment, however, the Court again brings 28 U.S.C. § 1927 to counsel's attention. Because significant litigation has not yet ensued, prejudice is unlikely, but the Court recognizes that plaintiff's counsel's behavior runs the risk of progressing to a degree of bad faith.

14

shall file the amended complaint into the record within 10 days from the date of this Order and Reasons.

IT IS FURTHER ORDERED that the defendants' motion to dismiss is denied without prejudice.[4]

New Orleans, Louisiana, June 28, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] And so, the stage is set: does the plaintiff want less than $75,000 (which she so persistently contended), or does the defense wish to pay her more than $75,000? Only a test of plaintiff's credibility will provide the answer.